UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT HENDERSON AND MARIE HENDERSON h/w | ) ) ) ) | Case Number |
| **Plaintiff** | ) ) | CIVIL COMPLAINT |
| vs. | ) ) ) | JURY TRIAL DEMANDED |
| CAPITAL MANAGEMENT SERVICES, LP | ) ) ) |  |
| **Defendant** |  |  |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Robert and Marie Henderson, h/w by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiffs, Robert and Marie Henderson, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III.   PARTIES

4. Plaintiffs, Robert and Marie Henderson, h/w ("Plaintiffs") are adult natural persons residing at 1259 Loring Avenue, Apt. 4-E, Brooklyn, NY 11208.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP ("Defendant"), at all times relevant hereto, is and was a Limited Partnership engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with its principal place of business located at 726 Exchange Street, Ste. 700, Buffalo, New York and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about September, 2009, Plaintiffs began receiving calls from Defendant and their agents collecting on debt allegedly owed to Chase and to Washington

Mutual. Plaintiff, Robert explained to Defendant's agent that they were disputing these debts and requested something in writing reflecting that fact.

8. On or about October 22, 2009, Plaintiffs received another call from Defendant's agent, "David", again requesting payment on above mentioned debt. Plaintiff, Robert, stated that he was disputing the debt and asked for proof in writing.

9. On that same call, Defendant's agent "David", said that he had sent something out before and that he refused to send anything more to Plaintiffs.

10. Plaintiffs continued to get calls from Defendant continually disregarding their disputing of the debt.

11. Plaintiffs tried to explain on several occasions that there had been fraudulent activity on their accounts and asked for Defendants address so that they could send him a police report confirming this fact. Defendant's agent refused to give the address to Plaintiff.

12. Plaintiff, Robert, stated that he believed that one of the accounts they were trying to collect on was already paid off back in 2002. Defendant's agent, "David", informed Plaintiff that it was not the same account that had been paid off and that perhaps it was another account that his wife had opened behind his back.

13. Defendant's agent, "David" went on to tell the Plaintiff, Robert that things like this happen in a marriage and that his wife could have a "secret life" that he does not know about.

14. Plaintiff, Robert, went on to ask again for an address to send information to Defendant on and was hung-up on.

15. Plaintiffs never received anything in writing from Defendant stating that Plaintiffs were disputing this debt.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

21. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputations, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in his favor and against Defendant, Capital Management Services, LP and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

Date:  February 15, 2010         BY: /s/ Brent F. Vullings

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff